**Geoffrey Polk**
7627 Lake St Ste 206 A34
River Forest, IL 60305
(312)929-3861
Email: geoff@geoffreypolk.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **GEOFFREY POLK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **C.A. No.: 1:25-cv-00924-CFC** |
| | ) | |
| | ) | |
| | ) | |
| **LISA A. DOLPH, THE CLERK** | ) | |
| **OF THE SUPREME** | ) | |
| **COURT OF DELAWARE, in her official** | ) | |
| **capacity,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **PATRICIA BARTLEY SCHWARTZ,** | ) | |
| **EXECUTIVE DIRECTOR OF THE** | ) | |
| **BOARD OF BAR EXAMINERS OF THE** | ) | |
| **DELAWARE SUPREME COURT, in her** | ) | |
| **official capacity** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## 1st AMENDED COMPLAINT

Plaintiff, Geoffrey Polk ("Polk" or "Plaintiff"), *pro se*, files this 1st Amended Complaint, and hereby alleges as follows:

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a).

1

2.    The Defendants are subject to the personal jurisdiction of this Court because they are officers of the state of Delaware and thus reside in the state of Delaware.

3.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this suit occurred in this district.

## FACTUAL ALLEGATIONS

4.    Polk is an attorney, licensed and in good standing in forty-eight (48) states or jurisdictions, including Illinois, Indiana, Texas, Maryland, Florida, the District of Columbia, Wisconsin, North Carolina, North Dakota, Idaho, Georgia, Washington, South Dakota, Arkansas, Iowa, Nebraska, West Virginia, Michigan, Montana, Minnesota, Wyoming, Missouri, Vermont, Virginia, Pennsylvania, New Hampshire, Maine, Massachusetts, Colorado, New Mexico, New Jersey, Alaska, Utah, Connecticut, South Carolina, Arizona, Oklahoma, Oregon, Ohio, Rhode Island, Kentucky, New York, Alabama, Louisiana (Limited License to practice pursuant to, Rules of Supreme Court of Louisiana, Rule XVII §14), the Virgin Islands, Kansas, Hawaii, and Mississippi.

5.    Polk is a legal resident of the state of Florida and is currently domiciled in Illinois.

6.    On or about July 17, 2025, Polk intended to apply for a Rule 55.1 Certificate (hereafter "Certificate of Limited Practice").

7.    Delaware Supreme Court Rule 55.1(a)(4), Limited permission to practice as in-house counsel, now provides that to be eligible a lawyer must "have an office or other systematic and continuous presence in Delaware for the practice of law for the Employer."

8.    Delaware Supreme Court Rule 55.1(a)(3), Limited permission to practice as in-house counsel, now provides that to be eligible a lawyer's employer must have a "place of business

2

in Delaware where employees of the organizational entity regularly work" (hereafter "place of business requirement")

9.　　　Polk did not have, nor does he have, any intention to reside in Delaware.

10.　　　Polk is not a bona fide resident of Delaware.

11.　　　Polk does not maintain an office in Delaware, nor does he intend to obtain the same.

12.　　　Polk is employed as in-house counsel by Presidential Title LLC, a Delaware limited liability company, a non-governmental organization, whose business is lawful and is other than the practice of law or the provision of legal services. (hereafter "Presidential Title").

13.　　　Polk, in his role as in-house counsel for Presidential Title, provides legal services solely to Presidential Title and its subsidiaries and affiliates.

14.　　　Polk does not have, nor does he intend to have any systematic or continuous presence *in* Delaware for the practice of law for his employer, Presidential Title.

15.　　　However, Polk, in his role as in-house counsel for Presidential Title, does intend to have a systematic and continuance presence for the practice of law with respect *to* Delaware for his employer, such that Polk risks engaging in the unauthorized practice of law (hereafter "UPL") in the absence of receipt of a Certificate of Limited Practice.

16.　　　Given the breadth of Polk's licensure, Polk could be exposed to a UPL charge if he does not receive a Certificate of Limited Practice.

17.　　　Presidential Title is a "remote" title company that has no place of business *in* Delaware where employees of the organizational entity regularly work.

18.　　　Delaware Supreme Court Rule 55.1(a)(3) and (4) are mandatory in theirterms and contain no waiver or hardship exception. Therefore, application would be futile, as the Clerk and Executive Director lack discretion to issue a Certificate of Limited Practice to an applicant who

3

does not meet the office or continuous presence in Delaware requirement or whose employer has no place of business *in* Delaware.

19.    Polk desires to obtain his Certificate of Limited Practice and is being precluded from the same by Del. Supr. Ct. Rule 55.1(a)(3) and (4).

20.    Plaintiff brings this action against the Clerk of the Supreme Court of Delaware, in their official capacity, as the official charged with administering and enforcing Del. Supr. Ct. Rule 55.1(a)(3) and (4).

21.    The Clerk is responsible for reviewing and approving applications for limited practice under the Rule, and for denying such applications that do not satisfy the newly imposed 'systematic presence' and employer office requirements. These amendments operate to unconstitutionally burden interstate practice and restrict access to the Delaware courts, and enforcement of the Rule by the Clerk gives rise to the injuries alleged herein.

22.    Plaintiff brings this action against the Executive Director of the Board of Bar Examiners of the Supreme Court of Delaware, in their official capacity, as the official charged with administering, reviewing, and enforcing the Certificate of Limited Practice under Del. Supr. Ct. Rule 55.1(a)(3) and (4). These officials are responsible for processing applications, imposing the newly enacted "place of business requirement", "systematic presence" and office-location requirements, and denying certificates that fail to meet these criteria, thereby causing the Plaintiff's alleged injuries.

23.    Polk otherwise qualifies for a Certificate of Limited Practice absent the place of business requirement and the office or systematic and continuous presence requirement of Del. Supr. Ct. Rule 55.1(a)(3) and (4).

## <u>CONSTITUTIONAL ALLEGATIONS</u>

24.    Polk re-alleges and incorporates by reference the allegations contained in the preceding Paragraphs as if fully set forth herein.

25.    Polk incorporates by reference all prior paragraphs of the Complaint herein.

26.    Del. Supr. Ct. Rule 55.1(a)(4) requirement that Polk, an individual, "have an office or other systematic and continuous presence in Delaware for the practice of law for the Employer", is an unconstitutional discrimination against Polk in violation of the Privileges and Immunities Clause of the United States Constitution.

27.    Del. Supr. Ct. Rule 55.1(a)(3) requirement that Polk's employer "have a place of business in Delaware where employees of the organizational entity work", is an unconstitutional discrimination against Polk in violation of the Privileges and Immunities Clause of the United States Constitution.

28.    Del. Supr. Ct. Rule 55.1(a)(4) requirement that Polk, an individual, "Have an office or other systematic and continuous presence in Delaware for the practice of law for the Employer", is not "closely related to the advancement of a substantial state interest."

29.    Del. Supr. Ct. Rule 55.1(a)(3) requirement that Polk's employer "have a place of business in Delaware where employees of the organizational entity work" is not "closely related to the advancement of a substantial state interest."

30.    Obtaining a Certificate of Limited Practice is a "fundamental right" and a "common calling" of Polk.

31.    There is no evidence to indicate that "non-residents" are a "peculiar source of evil" or that Del. Supr. Ct. Rule 55.1(a)(4) requirement that an applicant "Have an office or other

systematic and continuous presence in Delaware for the practice of law for the Employer" is based on or directed at the same.

32.     There is no evidence to indicate that "non-residents" are a "peculiar source of evil" or that Del. Supr. Ct. Rule 55.1(a)(3) requirement that Polk's employer "have a place of business in Delaware where employees of the organizational entity work" is based on or directed at the same.

33.     Del. Supr. Ct. Rule 55.1(a)(4) requirement that an individual applicant "Have an office or other systematic and continuous presence in Delaware for the practice of law for the Employer" is an unconstitutional discrimination against Polk in violation of the Interstate Commerce Clause of the U.S. Constitution, Article I, Section 8.

34.     Del. Supr. Ct. Rule 55.1(a)(3) requirement that Polk's employer "have a place of business in Delaware where employees of the organizational entity work" is an unconstitutional discrimination against Polk in violation of the Interstate Commerce Clause of the U.S. Constitution, Article I, Section 8.

35.     The Interstate Commerce Clause of the U.S. Constitution, Article I, Section 8, delegates to Congress the exclusive power to regulate interstate commerce. This power operates as a restraint on the legislative power of the states even when Congress has not expressly exercised that power, a doctrine known as the "dormant" Commerce Clause.

36.     Any law that discriminates against interstate commerce in purpose or effect is *per se* unconstitutional. Even non-discriminatory burdens on interstate commerce are unconstitutional where the burdens imposed on interstate commerce are excessive in relation to the putative local benefits.

37.    Del. Supr. Ct. Rule 55.1(a)(3) and (4) have a discriminatory effect on interstate commerce and out-of-state attorneys wishing to practice their trade in Delaware.  Delaware residents may designate their home or first office as their definite place of business, while non-resident must incur additional costs to establish an in-state office to do business in the state.

38.    Del. Supr. Ct. Rule 55.1(a)(3) clearly discriminates against "remote" companies like Presidential, requiring them to establish a "place of business" within the state and conditioning an individual right, the Certificate of Limited Practice, on the same.

39.    Del. Supr. Ct. Rule 55.1(a)(3) and (4) has an additional discriminatory effect: it requires non-residents to travel to their definite place of business in Delaware to do business there, subjecting them to substantially higher costs and putting them on an unequal playing field.

40.    This discrimination serves no legitimate local purpose, and even if it did, those purposes could be served by nondiscriminatory means.

41.    These requirements also unduly burden interstate commerce. They impose significant burdens on non-resident attorneys, including paying for additional rent, utilities, maintenance, and travel. They force attorneys to perform services in Delaware even if they can be done more efficiently in another state.

42.    This gives residents a competitive advantage over non-residents and dissuades non-residents from doing business in the state.

43.    The burden on interstate commerce is not justified by any putative local benefit.

44.    The requirements bear no relationship to ensuring attorneys are fit for the trade, to regulating the profession, to accessing records, or to otherwise protecting consumer welfare. Instead, it serves only to protect residents from legitimate out-of-state competition and economic protectionism is not a constitutionally legitimate local benefit.

7

45.     The burdens imposed by the Del. Supr. Ct. Rule 55.1(a)(3) and (4) are excessive in relation to the local benefits.

46.     Plaintiff has suffered and will continue to suffer substantial and irreparable harm unless Del. Supr. Ct. Rule 55.1(a)(3) and (4) are declared unlawful and enjoined by this Court.

47.     Del. Supr. Ct. Rule 55.1(a)(3) requirement that Polk's employer "have a place of business in Delaware where employees of the organizational entity work" is an unconstitutional discrimination against Polk in violation of the Equal Protection Clause of the United States Constitution, as applied to the states via the 14th Amendment, as it lacks any "rational basis."

48.     Del. Supr. Ct. Rule 55.1(a)(4) requirement that an individual applicant "Have an office or other systematic and continuous presence in Delaware for the practice of law for the Employer" is an unconstitutional discrimination against Polk in violation of the Equal Protection Clause of the United States Constitution, as applied to the states via the 14th Amendment, as it lacks any "rational basis."

## COUNT I:  DECLARATORY JUDGMENT

49.     Polk re-alleges and incorporates by reference the allegations contained in the preceding Paragraphs as if fully set forth herein.

50.     Polk incorporates by reference all prior paragraphs of the Complaint herein.

51.     An actual controversy exists between Polk and Defendants as to Polk's entitlement to an Certificate of Limited Practice.

52.     The parties have antagonistic claims involved which indicate imminent and inevitable litigation.

53.     Plaintiff asserts a legal right or policy that the Defendants adamantly challenge and deny.

8

54.     Del. Supr. Ct. Rule 55.1(a)(4) requirement that an individual applicant "Have an office or other systematic and continuous presence in Delaware for the practice of law for the Employer" prevents Polk from receiving a Certificate of Limited Practice in violation of the Privileges and Immunities Clause of the United States Constitution.

55.     Del. Supr. Ct. Rule 55.1(a)(3) requirement that Polk's employer "have a place of business in Delaware where employees of the organizational entity work" prevents Polk from receiving a Certificate of Limited Practice in violation of the Privileges and Immunities Clause of the United States Constitution.

56.     Del. Supr. Ct. Rule 55.1(a)(4) requirement that an individual applicant "Have an office or other systematic and continuous presence in Delaware for the practice of law for the Employer" prevents Polk from receiving a Certificate of Limited Practice in violation of the Interstate Commerce Clause of the U.S. Constitution, Article I, Section 8.

57.     Del. Supr. Ct. Rule 55.1(a)(3) requirement that Polk's employer "have a place of business in Delaware where employees of the organizational entity work" prevents Polk from receiving a Certificate of Limited Practice in violation of the Interstate Commerce Clause of the U.S. Constitution, Article I, Section 8.

58.     Del. Supr. Ct. Rule 55.1(a)(4) requirement that an individual applicant "Have an office or other systematic and continuous presence in Delaware for the practice of law for the Employer" prevents Polk from receiving a Certificate of Limited Practice in violation of the Equal Protection clause of the United States Constitution, as applied to the states via the 14th Amendment.

59.     Del. Supr. Ct. Rule 55.1(a)(3) requirement that Polk's employer "have a place of business in Delaware where employees of the organizational entity work" prevents Polk from

receiving a Certificate of Limited Practice in violation of the Equal Protection clause of the United States Constitution, as applied to the states via the 14th Amendment.

60.     Polk requests from this Court a Declaratory Judgment declaring Del. Supr. Ct. Rule 55.1(a)(4) requirement that an individual applicant "Have an office or other systematic and continuous presence in Delaware for the practice of law for the Employer" unconstitutional and in violation of the Privileges and Immunities clause of the United States Constitution.

61.     Polk requests from this Court a Declaratory Judgment declaring Del. Supr. Ct. Rule 55.1(a)(3) requirement that Polk's employer "have a place of business in Delaware where employees of the organizational entity work" unconstitutional and in violation of the Privileges and Immunities clause of the United States Constitution.

62.     Polk requests from this Court a Declaratory Judgment declaring Del. Supr. Ct. Rule 55.1(a)(4) requirement that an individual applicant "Have an office or other systematic and continuous presence in Delaware for the practice of law for the Employer" unconstitutional and in violation of the Interstate Commerce Clause of the U.S. Constitution, Article I, Section 8.

63.     Polk requests from this Court a Declaratory Judgment declaring Del. Supr. Ct. Rule 55.1(a)(3) requirement that Polk's employer "have a place of business in Delaware where employees of the organizational entity work" unconstitutional and in violation of the Interstate Commerce Clause of the U.S. Constitution, Article I, Section 8.

64.     Polk requests from this Court a Declaratory Judgment declaring Del. Supr. Ct. Rule 55.1(a)(3) requirement that Polk's employer "have a place of business in Delaware where employees of the organizational entity work" unconstitutional and in violation of the Equal Protection clause of the United States Constitution, as applied to the states via the 14th Amendment.

65.     Polk requests from this Court a Declaratory Judgment declaring Del. Supr. Ct. Rule 55.1(a)(4) requirement that an individual applicant "Have an office or other systematic and continuous presence in Delaware for the practice of law for the Employer" unconstitutional and in violation of the Equal Protection clause of the United States Constitution, as applied to the states via the 14th Amendment.

## COUNT II: INJUNCTIVE RELIEF

66.     Polk re-alleges and incorporates by reference the allegations contained in the preceding Paragraphs as if fully set forth herein.

67.     Polk incorporates by reference all prior paragraphs of the Complaint herein.

68.     Polk requests from this court injunctive relief ordering the Defendants to cease enforcing Del. Supr. Ct. Rule 55.1(a)(4) requirement that an individual applicant "have an office or other systematic and continuous presence in Delaware for the practice of law for the Employer" in violation of the United States Constitution.

69.     Polk requests from this court injunctive relief ordering the Defendants to cease enforcing Del. Supr. Ct. Rule 55.1(a)(3) requirement that Polk's employer "have a place of business in Delaware where employees of the organizational entity work" in violation of the United States Constitution.

70.     Polk requests from this Court an order requiring the Defendants to issue Polk, upon proper application, a Certificate of Limited Practice, as required by law, exclusive of the requirements in Del. Supr. Ct. Rule 55.1(a)(3) and (4).

71.     Injunctive relief is necessary because the law precludes the granting to Polk a Certificate of Limited Practice as required by law.

11

72.     Polk is being substantially and irreparably harmed by these actions in that Polk is being precluded from practicing his trade as an attorney.

## COUNT III: VIOLATION OF 42 U.S.C. §1983

73.     Polk re-alleges and incorporates by reference the allegations contained in the preceding Paragraphs as if fully set forth herein.

74.     Polk incorporates by reference all prior paragraphs of the Complaint herein.

75.     By enforcing Del. Sup. Ct. Rule 55.1(a)(3) and (4), Defendants, acting under color of state law, are depriving Plaintiff of rights secured by the Constitution, including the Privileges and Immunities Clause, the Commerce Clause, and the Equal Protection Clause, in violation of 42 U.S.C. § 1983.

WHEREFORE, Polk prays to the end, therefore:

A.     THAT, this Honorable Court may pass a judgment against Defendants declaring Del. Supr. Ct. Rule 55.1(a)(4) requirement that an individual applicant "Have an office or other systematic and continuous presence in Delaware for the practice of law for the Employer unconstitutional and in violation of the Privileges and Immunities Clause of the United States Constitution;

B.     THAT, this Honorable Court may pass a judgment against Defendants declaring Del. Supr. Ct. Rule 55.1(a)(3) requirement that Polk's employer "have a place of business in Delaware where employees of the organizational entity work" unconstitutional and in violation of the Privileges and Immunities Clause of the United States Constitution;

C.     THAT, this Honorable Court may pass a judgment against Defendants declaring Del. Supr. Ct. Rule 55.1(a)(4) requirement that an individual applicant "Have an office or other systematic and continuous presence in Delaware for the practice of law for the Employer is unconstitutional and in violation of the Commerce Clause of the United States Constitution;

D.     THAT, this Honorable Court may pass a judgment against Defendants declaring Del. Supr. Ct. Rule 55.1(a)(3) requirement that Polk's employer "have a place of business in Delaware where employees of the organizational entity work" is unconstitutional and in violation of the Commerce Clause of the United States Constitution;

E.    THAT, this Honorable Court may pass a judgment against Defendants that Del. Supr. Ct. Rule 55.1(a)(4) requirement that an individual applicant "Have an office or other systematic and continuous presence in Delaware for the practice of law for the Employer unconstitutional and in violation of the Equal Protection clause of the United States Constitution, as applied to the states through the 14th amendment;

F.    THAT, this Honorable Court may pass a judgment against Defendants that Del. Supr. Ct. Rule 55.1(a)(3) requirement that Polk's employer "have a place of business in Delaware where employees of the organizational entity work" unconstitutional and in violation of the Equal Protection clause of the United States Constitution, as applied to the states through the 14th amendment;

G.    THAT, this Honorable Court may pass an order of injunctive relief commanding and ordering Defendants to refrain from enforcing Del. Supr. Ct. Rule 55.1(a)(3) and (4);

H.    That, this Honorable Court may pass an order to the Defendants requiring them to issue Plaintiff a Certificate of Limited Practice, upon proper application, irrespective of any place of business, officeor systematic presence requirements;

I.    THAT, Plaintiff may have such other relief as the nature of this cause of action may require.

/s/Geoffrey Polk
Geoffrey Polk, Esq.
7627 Lake St. Ste 206 A34
River Forest, IL  60305
Ph:  312-929-3861
Email :  Geoff@geoffreypolk.com

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 29th day of September, 2025, a copy of the foregoing

served upon the following, regular U.S. Mail, postage prepaid as well as electronically served:

**Adam L. Balick**
**Melony Anderson**
711 King St.
Wilmington, DE  19801
Email: abalick@balick.com
Email:  manderson@balick.com

                                                 */s/ Geoffrey Polk*
                                              Geoffrey Polk, Esq.

14